UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT A. HIRT, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:13-cv-02082-SGC |
| SOCIAL SECURITY ADMINISTRATION, Commissioner, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

The plaintiff, Robert A. Hirt, appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB"). Hirt timely pursued and exhausted his administrative remedies, and the Commissioner's decision is ripe for review pursuant to 42 U.S.C. § 405(g). For the reasons discussed below, the Commissioner's decision is due to be affirmed.

**I. Procedural History**

Hirt has two bachelor's degrees and a master's degree in education. (Tr. at 35). He has previously worked as a clinical director, counselor, and truck driver. (*Id.* at 242, 248-54). In his application for DIB, he claimed that he became disabled on October 30, 2006, due to a rotated disc, back problems, hepatitis C, tuberculosis, a heart condition, and pulmonary problems. (*Id.* at 64, 70, 76, 197, 241). After his claims were denied, Hirt requested a hearing before an administrative law judge ("ALJ"). (*Id.* at 71-76, 79-80). Following a hearing, the ALJ denied Hirt's claims. (*Id.* at 10-18). Hirt was 61 years old when the ALJ issued her decision. After the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Rule 72 of the *Federal Rules of Civil Procedure*, the parties have voluntarily consented to the exercise of full dispositive jurisdiction by the undersigned magistrate judge. (Doc. 15).

1

Appeals Council declined to review the ALJ's decision (*id.* at 1-3), that decision became the final decision of the Commissioner, *see Frye v. Massanari*, 209 F. Supp. 2d 1246, 1251 N.D. Ala. 2001) (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Thereafter, Hirt initiated this action. (Doc. 1).

## II. Statutory and Regulatory Framework

To establish his eligibility for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). Furthermore, a claimant must show that he was disabled between his alleged initial onset date and his date last insured. *Mason v. Comm'r of Soc. Sec.*, 430 Fed. App'x 830, 831 (11th Cir. 2011) (citing *Moore v. Barnhart*, 405 F.3d 1209, 1211 (11th Cir. 2005); *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979)). The Social Security Administration employs a five-step sequential analysis to determine an individual's eligibility for disability benefits. 20 C.F.R. § 404.1520(a)(4).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Id.* at §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). "Under the first step, the claimant has the burden to show that [he] is not currently engaged in substantial gainful activity." *Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 Fed. App'x 862, 863 (11th Cir. 2012). If the claimant is engaged in substantial gainful activity, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i) and (b). At the first step, the ALJ determined Hirt last met the Social Security Administration's insured status requirements on March 31, 2009, and

did not engage in substantial gainful activity from his alleged onset date of October 30, 2006, through March 31, 2009, his date last insured. (Tr. at 12).

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe physical or mental impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 404.1508. Furthermore, it "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms." *Id.*; *see also* 42 U.S.C. § 423(d)(3). An impairment is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 404.1520(c).[2] "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1521(a). A claimant may be found disabled based on a combination of impairments, even though none of her individual impairments alone is disabling. 20 C.F.R. § 404.1523. The claimant bears the burden of providing medical evidence demonstrating an impairment and its severity. *Id.* at § 404.1512(a) and (c). If the claimant does

---

[2] Basic work activities include:

> (1) [p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeing, hearing, and speaking; (3) [u]nderstanding, carrying out, and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers and usual work situations; and (6) [d]ealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b).

not have a severe impairment or combination of impairments, the Commissioner will find that the claimant is not disabled. *Id.* at § 404.1520(a)(4)(ii) and (c).

At the second step, the ALJ determined Hirt had the following severe impairments through his date last insured: degenerative joint disease of the shoulder, bilaterally; status post multiple rotator cuff surgeries; obstructive sleep apnea; degenerative arthritis of the lumbar spine; and plantar fasciitis. (Tr. at12).

If the claimant has a severe impairment or combination of impairments, the Commissioner must then determine whether the impairment meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii); *see also id.* at § 404.1525-26. The claimant bears the burden of proving that his impairment meets or equals one of the Listings. *Reynolds-Buckley*, 457 Fed. App'x at 863. If the claimant's impairment meets or equals one of the Listings, the Commissioner will find that the claimant is disabled. 20 C.F.R § 404.1520(a)(4)(iii) and (d). At the third step, the ALJ determined Hirt did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listings through his date last insured. (Tr. at 13).

If the claimant's impairment does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step. 20 C.F.R. § 404.1520(e); *see also id.* at § 404.1545. A claimant's RFC is the most he can do despite his impairment. *See id.* at § 404.1545(a)(1). At the fourth step, the Commissioner will compare her assessment of the claimant's RFC with the physical and mental demands of the claimant's past relevant work. *Id.* at § 404.1520(a)(4)(iv) and (e), 404.1560(b). "Past relevant work is work that [the claimant] [has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do

it." *Id.* § 404.1560(b)(1).  The claimant bears the burden of proving that his impairment prevents him from performing his past relevant work.  *Reynolds-Buckley*, 457 Fed. App'x at 863.  If the claimant is capable of performing his past relevant work, the Commissioner will find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560(b)(3).

Before proceeding to the fourth step, the ALJ determined that through his date last insured, Hirt had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a),[3] except he could lift or carry up to 10 pounds occasionally and five pounds frequently; should avoid work above shoulder level; could push or pull between the waist and shoulder; should not engage in repetitive lifting above the waist; and should avoid all hazards, including ladders, ropes, scaffolds, and heights.  (Tr. at 13).

At the fourth step, the ALJ determined Hirt was capable of performing his past relevant work as clinical director through his date last insured.  (*Id.* at 17).  Therefore, the ALJ concluded Hirt was not disabled at any time between October 30, 2006 and March 31, 2009, and denied his claim.  (*Id.*).

### III. Standard of Review

Review of the Commissioner's decision is limited to a determination whether that decision is supported by substantial evidence and whether the Commissioner applied correct legal standards.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  A district court must review the Commissioner's findings of fact with deference and may not

---

[3] Sedentary work:

> involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledges, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Rather, a district court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A district court must uphold factual findings supported by substantial evidence, even if the preponderance of the evidence is against those findings. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

A district court reviews the Commissioner's legal conclusions *de novo*. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## IV. Discussion

Hirt raises the following issues on appeal: (1) the ALJ did not apply the correct legal standard in determining Hirt could perform his past work as a clinical director through his date last insured, and that determination is not supported by substantial evidence, and (2) the ALJ's credibility finding is not supported by substantial evidence. (Doc. 11 at 2). Because the second issue goes to the first, the undersigned considers them together.

At the fourth step of the sequential analysis, the ALJ compared her assessment of Hirt's RFC with the physical and mental demands of Hirt's past relevant work. (Tr. at 17). This was the appropriate way to determine whether Hirt could perform any of his past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv) and (e), 404.1560(b).

As an initial matter, the ALJ determined Hirt's RFC. (Tr. at 13-17). She did so by considering Hirt's alleged symptoms, the objective medical evidence, and opinion evidence. (*Id.*). This was consistent with the social security regulations' instruction that a claimant's RFC should be "based on all the relevant evidence in [the claimant's] case record." 20 C.F.R. § 404.1545(a)(1).

When a claimant attempts to establish disability through his own testimony of pain or other subjective symptoms, the pain standard articulated by the Eleventh Circuit in *Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991), applies. *See also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

> The pain standard requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Dyer*, 395 F.3d at 1210 (quoting *Holt*, 921 F.2d at 1223). Provided the *Holt* pain standard is met, an ALJ considers a claimant's testimony of pain or other subjective symptoms. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

An ALJ is permitted to discredit a claimant's subjective testimony of pain or other symptoms if she "clearly 'articulate[s] explicit and adequate reasons'" for doing so. *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1561-62). "A clearly articulated credibility finding with substantial supporting evidence will not be disturbed by a reviewing court." *Foote*, 67 F.3d at

1562.  In determining credibility an ALJ may consider objective medical evidence and a claimant's reported daily activities, amongst other things.  20 C.F.R. §§ 404.1529(c), 416.929(c).

Hirt testified that he cannot work on account of his chronic pain, which averages nine on a scale from zero to ten.  (Tr. at 35-45).  He testified that he can sit for no more than five minutes and cannot stand for a prolonged period without leaning on something.  (*Id.* at 35).  He testified that he has numbness in both hands.  (*Id.* at 38).  He testified that his pain affects his ability to sleep, as does his required use of oxygen and a CPAP machine.  (*Id.* at 45).  Finally, he testified that his pain has caused him to become depressed and affected his concentration.  (*Id.* at 39).

The ALJ found that although Hirt's medically determinable impairments could reasonably be expected to have caused his alleged symptoms, Hirt's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible.  (*Id.* at 13-17).  She clearly articulated her reasons for discrediting Hirt's testimony of his symptoms and their limiting effects, and that credibility determination is supported by substantial evidence.  Specifically, she found that Hirt's testimony that his pain prevented him from working was contradicted by his testimony that he continued to look for work for some time after leaving his job as a clinical director.  (*Id.* at 16; see also *id.* at 41-42).  She further found that Hirt's testimony describing the extremely limited nature of his daily activities could not be objectively verified with any reasonable degree of certainty.  (*Id.* at 16-17).  Finally, she found that the medical evidence did not support Hirt's allegations as to the limiting effects of his symptoms. (*Id.*).

Hirt's medical records reveal the following: Hirt had surgery to repair his left rotator cuff in December of 2005 and surgery to repair his right rotator cuff in February of 2006.  (*Id.* at 310, 364).  He had no post-operative complaints as to his left rotator cuff but continued to experience

pain in his right shoulder after repair of that rotator cuff. (*Id.* at 381, 391). In May of 2007, Hirt had an elective revision of the repair done to his right rotator cuff. (Tr. at 381-82). Hirt continued to experience some pain following that procedure. (*Id.* at 387, 389). However, by December of 2007, Hirt had "pretty good range of motion of both shoulders without much pain," according to his primary care physician. Furthermore, in April of 2008, Hirt's primary care physician noted that Hirt had obtained good results from his rotator cuff surgeries. (*Id.* at 413). Also in April of 2008, Hirt's primary care physician noted that, despite degenerative arthritis in his lower back that was a chronic, recurring problem and plantar fasciitis that limited his exercise, Hirt "seem[ed] to be doing well." (*Id.* at 413). Hirt's medical records indicate he has been advised to eliminate or limit overhead work, but they do not describe any of his impairments as disabling. (*Id.* at 324, 369, 381-82, 402-03, 406, 413-20). Finally, as noted by the ALJ, Hirt's medical records do not indicate a diagnosis of a mental impairment. (*Id.* at 17).

The ALJ found that Hirt's medical records, rather than support the degree of limitation alleged by Hirt, instead supported the functional capacity to which a medical expert retained by the Social Security Administration testified during the hearing. (*Id.* at 17). Specifically, the medical expert testified that Hirt was limited to sedentary work and should not push or pull above his shoulders, should only occasionally (and not repetitively) lift from below the waist, and should avoid ladders, ropes, scaffolds, heights, and hazardous machinery. (*Id.* at 32). In sum the ALJ applied the correct legal standard in determining Hirt's RFC, and that determination is supported by substantial evidence.

Having determined Hirt's RFC, the ALJ then compared his RFC with the physical and mental demands of Hirt's past relevant work. (*Id.* at 17). Contrary to Hirt's assertion (Doc. 11 at 11), the ALJ did develop the record as to the requirements of Hirt's past relevant work and

evaluated Hirt's ability to undertake those requirements in light of his RFC. Specifically, the ALJ relied on the testimony of a vocational expert. (*Id.*). A vocational expert is "an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The ALJ was permitted to consider the testimony of the vocational expert in determining whether Hirt had the ability to perform any of his past relevant work through his date last insured. *Waldrop v. Comm'r of Soc. Sec.*, 379 Fed. App'x 948, 952 (11th Cir. 2010) (citing 20 C.F.R. § 404.1560(b)(2)). The vocational expert testified that serving as a clinical director is a sedentary occupation. (Tr. at 40). He further testified that a person with Hirt's RFC could perform work as a clinical director and confirmed that his testimony was consistent with the Dictionary of Occupational Titles. (*Id.* at 50-51). Accordingly, the ALJ applied the correct legal standard in determining Hirt could perform his past work as a clinical director through his date last insured, and that determination is supported by substantial evidence.

## V.     Conclusion

Having reviewed the administrative record and considered all of the arguments presented by the parties, the undersigned find the Commissioner's decision is supported by substantial evidence and in accordance with applicable law. Therefore, that decision is due to be **AFFIRMED**. A separate order will be entered.

**DONE** this 4th day of September, 2015.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE